his mother, then I charge you that you would be author-
ized to acquit."

WORRILL & LITTLE, for plaintiffs in error.
T. Y. CRAWFORD, solicitor, *contra*.

---

### JINKS *v.* LEWIS & SON.

1. It is no abuse of discretion by the presiding judge to refuse a new
trial on the ground that counsel of the losing party, by inadvert-
ence and oversight, failed to introduce a deed which was in his
possession and which was a necessary link in his client's chain of
title, it not appearing what caused the inadvertence or oversight,
or that the counsel did not discover it whilst the trial was still in
progress and in time to move the court to reopen the case for the
reception of this evidence.
2. The evidence warranted the verdict.　　　*Judgment affirmed.*
August 1, 1892.

Claim. Evidence. New trial. Before Judge MAR-
TIN. Taylor superior court. November adjourned
term, 1891.

Claim was interposed by Mrs. Jinks to land levied on
October 7, 1889, as the property of T. L. Jinks, under
an execution in favor of Lewis & Son against T. L.
Jinks *et al.*, founded on a judgment of March 1, 1889.
At the trial the sheriff who made the levy testified that
at the time of the levy T. L. Jinks was in possession of
the land and exercised acts of ownership thereof. The
execution with the entry of levy was introduced. The
claimant introduced a deed from J. T. Taylor to herself,
dated May 21, 1885, recorded the same day, and con-
veying the land in dispute in consideration of $1,200.
No further evidence was introduced. The property
was found subject. The claimant moved for a new
trial (1) because the verdict "is contrary to equity and
the principles of justice and equity"; and (2) because,
through inadvertence and oversight, her counsel failed
to introduce in evidence a deed which she had, dated

December 18, 1884, from T. L. Jinks to J. T. Taylor, conveying the land in dispute in consideration of $1,000, T. L. Jinks being in possession of the property at that time. Touching this ground the counsel made affidavit, that he was the only counsel for the claimant at the trial, that he had with him the deed from T. L. Jinks to J. T. Taylor, and purely from inadvertence and oversight he failed to introduce it in evidence, that the copy deed attached was a correct copy, and that the facts stated in this second ground were true.

C. C. WEST and THORNTON & McMICHAEL, for plaintiff in error.

O. M. COLBERT, *contra.*

---

## WELLS *v.* THE STATE.

One dealing with an illiterate person, writing a promissory note for him to execute, inserting therein an amount larger than that stipulated for, falsely and fraudulently reading over the note as if it contained the true amount, signing the maker's name thereto at his request, and also the name of an attesting witness, the maker and the witness both subscribing with their mark, commits the offence of cheating and swindling, but does not commit the offence of forgery. Commonwealth *v.* Sankey, 22 Pa. St. 390. The court erred in not granting a new trial. *Judgment reversed.*
August 1, 1892.

Criminal law. Forgery. Cheating and swindling. Before Judge MARTIN. Marion superior court. October term, 1891.

Indictment for forgery, charging that the defendant made and forged a certain note (setting it out) with intent to defraud the New Home Sewing Machine Company. The note as declared on and as introduced in evidence is dated February 23, 1891, is payable to the New Home Sewing Machine Company or order, is for $50, and is signed by Lazarus Smith (with his mark) and witnessed by J. T. Griffin and by the defendant. It re-